**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
ASHLEY GEORGES,                     :
                                    :
            Plaintiff,              :       Civil Action No. 09-57 (JAP)
   v.                               :
                                    :       **OPINION**
MICHELLE RICCI, et al.              :
                                    :
            Defendants.             :
_____ :

PISANO, District Judge:

Presently before the Court is defendants' unopposed motion to dismiss plaintiff Ashley Georges' complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the defendants' motion to dismiss is granted.

I. Procedural History and Factual Background

On November 19, 2007, Ashley Georges filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983 for multiple constitutional violations stemming from his placement in Temporary Closed Custody ("TCC") at the New Jersey State Prison ("NJSP") from March 1, 2007 through June 4, 2007 against Michelle Ricci, Alford Kendell, Officer Magginis, Officer Harrison, George Hayman, and John Doe, an officer with the special investigation unit. Civil Action No. 07-5576, docket entry no. 1. On December 4, 2007, this Court entered an Opinion and Order granting Georges' application to proceed *in forma pauperis*, dismissing all claims against defendants Hayman, Ricci, Magginis, Harrison, and John Doe with prejudice for failure to state a claim upon which relief can be granted, dismissing all of Georges' allegations not based

on the First Amendment with prejudice for failure to state a claim upon which relief can be granted, dismissing all of Georges' First Amendment allegations asserting retaliation or based on lack of visitation with prejudice for failure to state a claim upon which relief can be granted, and dismissing Georges' First Amendment allegations asserting denial of access to the courts, and for violation of his free speech or free exercise rights without prejudice.  Docket Entry No. 2 and 3.  Georges was granted the opportunity to file an amended complaint curing the deficiencies in his original complaint with respect to his First Amendment allegations asserting denial of access to the courts, and violations of his free speech and free exercise rights.  *Id.*  Georges was given 30 days to file his amended complaint.  *Id.*

On January 7, 2008, Georges filed a motion for reconsideration, a motion to stay the Court's Order pending the outcome of his motion for reconsideration, and a motion for leave to amend and supplement the facts in support of Plaintiff's claims in his complaint.  Docket Entry No. 5-7.  In an Order and Opinion entered on May 9, 2008, this Court denied Georges' motion for reconsideration, denied Georges' motion to stay, and granted in part and denied in part Georges' motion for leave to amend his original complaint.  Docket Entry No. 13 and 14.  Specifically, the Court dismissed Georges' allegations that he was deprived of his right to due process based on his three-month confinement in TCC or based on the falsity of charges brought against him in a disciplinary administrative hearing, and allegations that he was improperly denied visitation rights and/or denied certain telephone privileges with prejudice.  *Id.*  However, the Court dismissed Georges' other claims without prejudice and granted him leave to supplement and amend his complaint as it related to alleged violations of his First

Amendment rights to free exercise, free speech, and access to the courts, to allegations that the defendants retaliated against him for seeking administrative remedies, and to allegations that his conditions-of-confinement violated the Eight Amendment. *Id.* The Court granted Georges 45 days in which to file his amended complaint. *Id.* The case was closed on May 9, 2008. Docket Entry No. 14. Georges did not file an amended complaint within 45 days as ordered by the Court.

On January 5, 2009, Georges filed a letter dated December 8, 2008, and an amended complaint in Civil Action Number 07-5576. Civil Action Number 09-57, Docket Entry No. 1. In his letter, Georges claimed that he attempted to file the amended complaint on June 23, 2008, but that it was returned to him on July 2, 2008 stamped "return to sender." *Id.* Georges claims that he resent the amended complaint to the address listed on this Court's previous opinion on July 2, 2008. *Id.* The amended complaint was not received by the Court. On December 5, 2008, Georges called to inquire about the status of his case. *Id.* He was informed that the case was closed on May 9, 2008, and that his amended complaint had not been received. *Id.* By Order entered on January 5, 2009, this Court found that the interests of justice would best be served by reviewing Georges' letter and amended complaint. Civil Action No. 07-5576, Docket Entry No. 26. The Court instructed the Clerk to open a new and separate matter for Georges, without assessing a filing fee, and to docket Georges' letter and amended complaint in the new matter. *Id.* The Clerk opened Civil Action Number 09-57, and docketed Georges' letter and amended complaint.

The facts of this case are well known to the parties and have been examined at length by this Court in the two Opinions previously entered in Civil Action Number 07-

5576; therefore, only facts relevant to the instant motion to dismiss will be discussed by the Court.  In addition to the facts alleged in his original complaint and motion for reconsideration, Georges contends that the cell block in which he was housed during this period was infested with vermin, had "constant deafening noise levels", had no ventilation, that "the windows facing this tier [were] nailed shut," that the temperatures reached in excess of 100 degrees, and that the water was "bad."  Finally, Georges claims, for the first time in his amended complaint, that he was denied proper medical care for a fungal infection of his feet.

II.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint

to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombley*, supra, 550 U.S. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

III. Discussion

In its May 9, 2008 Opinion, this Court granted Georges leave to amend his complaint with respect to the following allegations only: 1) that his First Amendment rights of free exercise, free speech, and access to the courts were violated; 2) that the defendants retaliated against him for seeking administrative remedies in violation of the First Amendment; and 3) that his conditions-of-confinement violated the Eight Amendment. The Court will take each amendment in turn.

First, with regard to Georges' claims that his First Amendment rights of free exercise, free speech and access to the courts were violated; he fails to offer any facts which support a finding that his rights have in fact been violated. Georges continues to

offer "threadbare recitals" and "conclusory statements," and his amended complaint does not "state a claim to relief that is plausible on its face." *Ashcroft*, *supra*, 129 S.Ct. at 1949. Specifically, Georges continues to allege he was denied "religious materials and services," but does not specify exactly which materials and services were denied despite being instructed to do so by this Court. Civil Action Number 07-5576, Docket Entry No. 2 at 26. Further, in its December 4, 2007 Opinion, this Court advised Georges to specify whether the postage he was seeking to use to write his family was postage in his possession or if he was seeking postage free of charge. *Id*. at 28. Georges fails to remedy this deficiency in his amended complaint and continues to merely allege that "[p]laintiff was deprived of . . . postage to write family members." Finally, Georges fails to allege facts that indicate he was denied access to the courts. Georges was advised by the Court in its December 4, 2007 Opinion that he must demonstrate that being denied telephone contact with this post-conviction relief counsel caused him actual injury and that he was denied all access to the NJSP law library. *Id.* at 31-34. Georges fails to allege facts in his amended complaint that indicate he suffered an actual injury because he could not speak with his post-conviction relief counsel. Additionally, he has not alleged that he was denied access to the NJSP law library. Georges merely alleges that he was denied the legal assistance of a paralegal, which as this Court explained in its prior Opinion, is not a violation of any constitutional right. *Id.* For the forgoing reasons, all of Georges' claims related to violations of his First Amendment free exercise, free speech, and access to the courts claims are dismissed with prejudice.

Second, with regard to Georges' claim that he was retaliated against for seeking administrative remedies, Georges again fails to provide a factual basis sufficient to

support his allegations.   Georges alleges that defendants Costello, Colon, Lehman, Figueroa, Booker, and Schonyers denied Georges "access to the courts and free exercise of his religious beliefs in retaliation for exercising his right to redress."  Civil Action Number 09-57, Docket Entry No. 1.  However, he fails to provide any details regarding the redress he sought or the retaliatory actions taken by the defendants.  Georges' allegations are nothing more than "threadbare recitals" and "conclusory statements" and they do not entitle him to relief.  Accordingly, Georges' retaliation claim is dismissed with prejudice.

Third, Georges fails to provide sufficient facts regarding his conditions-of-confinement claim related to the denial of daily showers and shower supplies.  In his original complaint, Georges complained that he was not provided with daily showers, nor was he provided with shower supplies for the first 55 days of his confinement in TCC.  He does not offer any new facts in his amended complaint.  Georges has, however, alleged for the first time in his amended complaint that the cell block in which he was housed – 1-Left – was infested with vermin, had "bad" water, was hot, had a constant deafening level of noise, and lacked proper ventilation.

The Eighth Amendment is violated only when prison conditions are such as to be deemed inhumane by contemporary standards or deprive an inmate of the minimal necessities of life.  *See Hudson v. McMillian,* 503 U.S. 1, 8 (1992); *Wilson v. Setter,* 501 U.S. 294, 298 (1991).  The Constitution does not mandate comfortable prisons.  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  An Eighth Amendment claim against a prison official must satisfy two requirements: "(1) 'the deprivation alleged must be, objectively, sufficiently serious;' and (2) the 'prison official must have a sufficiently culpable state of

mind.'" *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference is a subjective standard under *Farmer*-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* (internal quotation marks omitted).

    Georges' claim that TCC was "infested with vermin" is vague. He does not allege in his amended complaint that the vermin infestation was so severe as to be considered inhumane by contemporary standards. Nor does he allege facts showing that vermin were present in such type and number so as to be serious or that the infestation happened or continued due to the defendants' "deliberate indifference." Georges' contention that the water provided in 1-Left was "bad" and that there was a constant deafening noise are similarly vague and cannot support an Eighth Amendment conditions-of-confinement claim. Georges' assertion that the cell block in which he was housed lacked proper ventilation and was unduly hot fail to rise to the level of a Constitutional violation. The Constitution does not guarantee comfortable conditions; it merely ensures that conditions of confinement are not inhumane. The conditions-of-confinement as described in Georges' amended complaint are not inhumane and his claims are dismissed with prejudice.

    Finally, Georges asserts in his amended complaint that he was denied proper medical care for his fungal infection. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of state officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are

8

serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer*, *supra*, 511 U.S. at 837-38. Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden County*, 95 F.Supp.2d 217, 228 (D.N.J. 2000); *Peterson v. Davis*, 551 F.Supp. 137, 145 (D. Md. 1982), *aff'd*, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately

is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, *supra*, 429 U.S. at 105-06; *White*, *supra*, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." *Monmouth County Corr. Inst. Inmates*, *supra*, 834 F.2d at 346 (citations omitted). "Short of absolute denial, 'if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out." *Id.* (citations omitted). "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that 'result[] in interminable delays and outright denials of medical care to suffering inmates.'" *Id.* at 347 (citation omitted).

Georges' claim for inadequate medical care fails to meet the requirements of *Estelle*. The amended complaint fails to show that Georges' fungal infection is "serious." Nothing in Georges' complaint indicates that his infection, if left untreated, will result in a "lifelong handicap" or "permanent loss." *Monmouth County Corr. Inst. Inmates*, *supra*, 834 F.2d at 347. Furthermore, even if Georges could establish that his fungal infection is "serious," he has not shown that Jane Doe Nurse acted with deliberate indifference to his

condition. Therefore, Georges' claim that he did not receive adequate medical treatment is dismissed with prejudice.

IV.  Conclusion

For the reasons above, Defendant's motion to dismiss is granted.   An appropriate Order accompanies this opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: February 18, 2010